UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONNA L. WHITAKER

    Plaintiff,

V.                                                CIVIL ACTION NO.

CENTRAL CREDIT SERVICES, INC.

    Defendant.                                APRIL 28, 2010

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Donna L. Whitaker, as an individual consumer, against Defendant Central Credit Services, Inc. hereinafter ("CCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Donna L. Whitaker is a natural person residing in the Town of Laurel, County of Anne Arundel, and State of Maryland.

4. Defendant, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 9550 REGENCY SQUARE BLVD, SUITE 500, JACKSONVILLE, FL 32225-0000 and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant CCS is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff received an initial demand letter from CCS, date October 30, 2009.

7. Plaintiff contacted the Defendant by telephone on January 11, 2010.

8. Plaintiff spoke to Defendant CCS employee who identified herself as Eva Loretta Taylor.

9. Defendant's employee failed to provide the required notice pursuant to 15 U.S.C. 1692 e(11).

10. Plaintiff advised the Defendant through its employee Taylor, that she wanted to orally dispute the alleged debt.

11. Defendant's employee Taylor advised the Plaintiff that her account was eligible for legal action because it has been charged off and that the creditor has hired them to take care of this account on a voluntary or involuntary basis. This statement is false, deceptive and misleading and in violation of the FDCPA.

12. Defendant's employee Taylor stated she was in the process of filing suit in the State of Maryland.

13. Defendant's statements were false, deceptive and misleading and violated 15 U.S.C. §1692e as the Defendant is not a licensed attorney in the State of Maryland.

14. Based on information and belief, CCS did not report Plaintiff's dispute to the credit bureaus as required by §1692e (8).

15. Based on information and belief, Defendant continued to report the debt without note of Plaintiff's dispute.

16. Based on information and belief, the Defendant has been the subject of a class action were consumers allege that Central Credit has a policy of using threatening telephone communications in an effort to collect debts for third parties. The consumers claim that Central Credit called them repeatedly, harassing and insulting them on the phone. The consumer's further claim that Central Credit threatened them with litigation, when no litigation was proper or even filed, and refused to validate alleged debts when they were informed by consumers that the debts were under dispute. Additionally, the consumers allege that Central Credit informed them that hiring an attorney would be a waste of time, since the consumers would lose in court regardless and that is was "open season" on them according to Central Credit. These actions, according to consumers,

were false, misleading, coercive and unfair, entitling them to damages under the Fair Debt Collection Practices Act. Yitzchok Schwartz v. Central Credit Services, Inc. 1:04-cv-01017-ENV-CLP (Eastern District of NY).

17. As a result of the acts alleged above, Plaintiff has been damaged.

## V.  CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. Defendant CCS violated the FDCPA including but not but not limited to, the following:

(a) Violation of §1692e (2) (A) the false representation of the character, amount, or legal status of any debt.

(b) Violation of  §1692e (8) Communicating or threatening to communicated to any person credit information which is know or which should be know to be false, including the failure to communicate that the debt is disputed.

(c) Violation of §1692e (11).

(d) Violation of 1692e, f and g.

20. As a result of the foregoing violations of the FDCPA, Defendant CCS is liable to the Plaintiff for declaratory judgment that CCS's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against defendant CCS for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E. For such other and further relief as the Court may deem just and proper.

                THE PLAINTIFF

                BY_____
                Bernard T. Kennedy, Esquire
                The Kennedy Law Firm
                P.O. Box 657
                Edgewater, MD 21037
                Ph   (443) 607-8901
                Fax (443) 607-8903
                Fed. Bar # Md26843
                bernardtkennedy@yahoo.com